UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHILA MALEKKHATEI, et al., | Case No. 2:25-cv-01397-CSK |
| Plaintiffs, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT AS GUARDIAN AD LITEM |
| NATIONAL VISA CENTER, et al., | |
| Defendants. | (ECF No. 3) |

Pending before the Court is Plaintiffs Shila Malekkhatei and Farzad Hezhabrinobari's motion for appointment as guardian *ad litem* for Plaintiff I.H.[1] Pls. Mot. (ECF No. 3). No opposition has been filed to the motion. For the reasons that follow, the Court denies Plaintiffs' motion without prejudice.

Pursuant to Federal Rules of Civil Procedure 17, a representative of a minor or incompetent person may sue or defend on the minor or incompetent person's behalf. Fed. R. Civ. P. 17(c). "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In addition, a court "must appoint a

---

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 9-11.)

guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

The appointment of a guardian *ad litem* is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). "Fed. R. Civ. P. 17(c) requires a court to take whatever measures it deems proper to protect an incompetent person during litigation." *Id*.

The guardian need not possess special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 150 (1990)). In the Eastern District of California, Local Rule 202(a) further provides, in relevant part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian *ad litem* by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. *See* Fed. R. Civ. P. 17(c).

E.D. Local Rule 202(a). Local Rule 202(c) also requires disclosure of the attorney's interest, providing the following:

> When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

Here, the motion does not provide the disclosure of Plaintiffs' counsel as required by Local Rule 202(c). *See* Pls. Mot. Accordingly, the Court DENIES Plaintiffs' motion for appointment as guardian *ad litem* without prejudice to Plaintiffs' re-filing of a revised

1  motion that complies with the requirements of Local Rule 202(c).

2      IT IS SO ORDERED.

4  Dated: July 10, 2025

                                              CHI SOO KIM
                                              UNITED STATES MAGISTRATE JUDGE

7  4, male1397.25